**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICK REED-PRICE,           :
                                         Civil Action No. 09-0586 (JBS)
         Petitioner,    :

         v.             :   **OPINION**

TROY LEVI,                    :

         Respondent.    :

**APPEARANCES:**

Petitioner pro se
Patrick Reed-Price
Philadelphia Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

**SIMANDLE**, District Judge

    Petitioner Patrick Reed-Price, a pre-trial detainee currently confined at the Federal Detention Center at Philadelphia, Pennsylvania, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The sole respondent is Warden Troy Levi.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition. See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he is confined at the Federal Detention Center in Philadelphia, Pennsylvania, awaiting trial on charges pending in this District. See United States v. Reed-Price, 08-mj-1115 (AMD) (D.N.J.).[2]

In the pending criminal matter, on October 17, 2008, the Court appointed a Federal Public Defender to represent Petitioner. Also on October 17, 2008, an Order of Detention Pending Trial was entered, noting that "Defendant consents to detention at this time without prejudice to his right to request bail at a later date." U.S. v. Reed-Price, 08-mj-1115, Docket Entry No. 4. Since that time, continuance orders have twice been entered in the criminal matter, upon the joint application of the

---

[2] This Court will take judicial notice of its dockets in other cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

prosecution and defense counsel, in the interests of justice, excluding the continuance period from time computations under the Speedy Trial Act of 1974.  See 18 U.S.C. § 3161 (as amended). The Docket of the criminal matter does not reflect any application for bail.

Here, Petitioner has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he did not know of or consent to the second application for continuance and that his continued detention violates his right to a speedy trial. Petitioner asks that this Court order his immediate release and dismiss the pending criminal charges with prejudice.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

3

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

District courts are limited to granting habeas relief "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The Supreme Court has recently emphasized that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).  As Petitioner is not confined in this District, this Court lacks jurisdiction over this Petition challenging Petitioner's present confinement.  Cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (allowing an Alabama prisoner to challenge future Kentucky custody in the Western District of Kentucky).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

4

which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

It would not be in the interest of justice to transfer this premature Petition to the District Court for the Eastern District of Pennsylvania, where Petitioner is confined.

Specifically, Petitioner's allegations fail to reveal any illegality in his present confinement; rather, Petitioner seeks to litigate here a defense to a pending criminal charge.  Thus, this habeas Petition is premature.  As noted by the U.S. Court of Appeals for the Third Circuit, affirming the dismissal of a similar such habeas petition,

> [Petitioner] is a represented defendant in a current criminal case.  A criminal defendant would generally be expected to raise Fourth Amendment, speedy trial, and double jeopardy claims in a counseled motion in the criminal case itself. ...  If found guilty, [Petitioner] will then have an opportunity to file a direct appeal to this Court from his conviction and sentence.  He then may file a post-conviction motion under 28 U.S.C. § 2255 if his direct appeal is unsuccessful.

Johnson v. United States, No. 07-4706, slip op. at 3-4 (3d Cir. Feb. 21, 2008).  See also Kelly v. Marino, Civil Action No. 05-1658, 2005 WL 2304308 (M.D. Pa. Sept. 20, 2005) (same).

Similarly, here, Petitioner is represented by counsel in the pending criminal matter.  He consented to his initial detention and, through counsel, to the continuance orders.  The original Order of Detention reflects that Petitioner consented to detention "without prejudice to his right to request bail at a

later date," yet Petitioner has failed to make any such application for bail.  Nor has Petitioner, by motion or otherwise, advised the trial court of any challenge to the legality of his present confinement or of any objection to the continuance.  Petitioner has not alleged that the usual avenues of criminal procedure are inadequate to test his speedy-trial claim.

For the foregoing reasons, the Petition will be dismissed without prejudice for lack of jurisdiction.  The Petition will not be transferred.  This Court expresses no opinion as to the merits of the speedy-trial claim.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated: **February 25, 2009**